foreclosed there must be shown some specific amount due, or that may become due, on account of such policyholders, and that such amount is a claim against this special deposit.''

The law as here announced applies, in our opinion, to the case at bar.

As to alleged errors affecting the Royal Casualty Company, it has not appealed and appellants cannot assign error in its behalf. *Norris v. Downing,* 196 Ill. 91.

The decree of the trial court will be affirmed.

*Affirmed.*

---

**Augusta M. Breton, Plaintiff in Error, v. Isaac Levinson and Henry L. Newhouse, Defendants in Error.**

**Gen. No. 22,273. (Not to be reported in full.)**

Error to the Superior Court of Cook county; the Hon. MARCUS A. KAVANAGH, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Affirmed. Opinion filed October 10, 1917.

## Statement of the Case.

Action by Augusta M. Breton, plaintiff, against Isaac Levinson and Henry L. Newhouse, defendants, to recover damages for the death of her intestate, claimed to be due to the failure of defendants to provide a safe scaffolding on a building of which one of the defendants was the owner and the other the architect. From a judgment in favor of defendants, plaintiff brings error.

CHAS. R. RANKIN and C. HELMER JOHNSON, for plaintiff in error.

F. J. CANTY and BRUNDAGE, LANDON & HOLT, for defendant in error Isaac Levinson.

MR. PRESIDING JUSTICE GOODWIN delivered the opinion of the court.

## Abstract of the Decision.

1. NEGLIGENCE, § 854*—*when owner and architect not liable for death of employee of independent contractor due to unsafe scaffolding.* Where a bricklayer in the employ of an independent contractor who has undertaken the construction of the wall of a building is killed as the result of a defective scaffold, and the owner and architect retain no right to control or direct the action of the contractor in the progress of the work, except in regard to the depth of the foundation, the material to be used, and generally to require a compliance with the contract, they are not liable in the absence of a statute imposing liability upon them.

2. MASTER AND SERVANT, § 155*—*who has duty of constructing safe and suitable scaffolds.* Under Hurd's Rev. St. 1913, ch. 48, sec. 79 (J. & A. ¶ 5368), providing that all scaffolds erected or constructed by any person for use in erecting, repairing, altering, removing or painting any structure shall be erected and constructed in a safe, suitable and proper manner, and shall be erected and constructed so as to give proper and adequate protection to the employee using it, the duty to comply with its terms is placed upon those actually constructing the scaffolds and other appliances, and consequently not upon the owner or architect where they do not erect the scaffolds or appliances.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.